IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| John W. Dewar, Jr., | ) |
| | ) Civil Action No. 6:11-cv-01244-JMC |
| Plaintiff, | ) |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| Carolyn W. Colvin, Acting Commissioner of Social Security Administration,[1] | ) |
| | ) |
| Defendant. | ) |

This matter is before the court upon Plaintiff's Petition for Fees Under the Equal Access to Justice Act ("EAJA") [Dkt. No. 35], 28 U.S.C. § 2412(d). The Commissioner opposes the petition on the ground that her position in this case was substantially justified.

## LEGAL BACKGROUND

"A party who prevails in litigation against the United States is entitled to EAJA attorneys' fees upon timely petition for them if the government's position was not substantially justified and no special circumstances make an award unjust." *Thompson v. Sullivan*, 980 F.2d 280, 281 (4th Cir. 1992) (internal quotation marks omitted). The government has the burden of demonstrating substantial justification in both fact and law. *Id.* "[T]he test of whether or not a government action is substantially justified is essentially one of reasonableness." *Smith v. Heckler*, 739 F.2d 144, 146 (4th Cir. 1984) (internal quotation marks omitted). The standard requires more from the government than a showing of lack of frivolity. *See Pierce v. Underwood*, 487 U.S. 552, 566 (1988). However, the government's position may be justified

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Federal Rule of Civil Procedure 25(d), Colvin should be substituted for Michael J. Astrue as the defendant in this action.

even though it is incorrect and may be substantially justified if a reasonable person could believe the government's position was appropriate. *Id.* at 566 n. 2. Moreover, the government's position will typically be substantially justified "if, as is usual, the United States attorney does no more than rely on an arguably defensible administrative record." *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991) (quoting *Guthrie v. Schweiker*, 718 F.2d 104, 108 (4th Cir. 1983)).

When determining whether the Commissioner's position was substantially justified, the court should avoid an issue-by-issue analysis and should consider the totality of the circumstances. *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 138-39 (4th Cir. 1993). Moreover, the court should not only consider the "position taken by the United States in the civil action," but also the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D).

## FACTUAL BACKGROUND

In this case, Plaintiff alleges disability due to a degenerative back disorder. Plaintiff's application for Social Security benefits was denied initially and on reconsideration by the Social Security Administration, so he requested a hearing before an administrative law judge ("ALJ"). The ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act and thus not entitled to benefits. The ALJ's finding became Defendant's final decision on March 30, 2011, after it was approved by the Appeals Council. *Id.* Plaintiff then filed an action in this court for judicial review of the underlying administrative decision. [Dkt. No. 1].

During the court's substantive review of the case, Plaintiff argued that the Commissioner erred in rejecting his treating physician's opinion as "cursory" and in failing to make findings regarding Plaintiff's depression. Plaintiff also asserted that reversal of the ALJ's decision was appropriate because of new and material evidence as to his disability, which was

2

presented to the Appeals Council. The Magistrate Judge agreed with Plaintiff on all three arguments and recommended to this court that the case be reversed and remanded with instructions to the ALJ to consider the treating physician's opinion, consider two additional opinions of Plaintiff's doctors (the new and material evidence) and address Plaintiff's evidence of his depression. [Dkt. No. 27]. The Commissioner did not file objections to the Report and Recommendation. The court adopted the Report and Recommendation in its entirety and reversed and remanded the case for further proceedings. [Dkt. No. 32].

## ANALYSIS

As a threshold matter, Defendant's decision not to object to the Magistrate Judge's Report should not be read as an admission that the Commissioner's position was not substantially justified. *See Threlkeld v. Astrue*, CA 4:07-1855-HMH-TER, 2008 WL 4816991 (D.S.C. Oct. 28, 2008) (finding the Commissioner's position was substantially justified though the Commissioner did not object to the magistrate judge's Report and Recommendation). As to other preliminary matters, the Commissioner does not dispute that Plaintiff is a prevailing party in this matter or dispute the hours of Plaintiff's attorneys or their hourly rate. Therefore, the court turns to the key issue of whether the Commissioner's position was substantially justified.

Plaintiff argues that the Commissioner was not substantially justified because the ALJ improperly rejected the treating physician's report in violation of 20 C.F.R. § 404.1527 and because the Appeals Council failed to remand the case to the ALJ after receiving new and material evidence. The Commissioner counters that the ALJ articulated legitimate reasons for rejecting the treating physician's report (namely, that the treating physician relied too heavily on subjective evidence of Plaintiff's pain and need for pain medication) and that the Appeals

3

Council was justified in concluding that the additional evidence Plaintiff submitted would not have altered the ALJ's decision.

Pursuant to 20 C.F.R. § 404.1527(c)(2), if the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a plaintiff's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [plaintiff's] case record, [the ALJ] will give it controlling weight." 20 C.F.R. § 404.1527(c)(2). If, on the other hand, the ALJ determines that the treating physician's opinion is not entitled to controlling weight, the opinion is evaluated according to the following criteria: (1) the relationship between the source and the claimant; (2) the degree to which the source presents an explanation and relevant evidence to support the opinion; (3) the consistency of the opinion with the record as a whole; (4) whether the source is a specialist and offers an opinion related to the area of specialty; and (5) any other factors that tend to support or contradict the opinion. *See id*.

The court finds that as to the ALJ's analysis of the treating physician's report, the Defendant's position, although unsuccessful, was substantially justified because reasonable minds could differ as to the appropriate outcome and weight given to the treating physician's report. *See Creech v. Barnhart*, 213 F. App'x. 194 (4th Cir. 2007) (unpublished) (affirming district court's conclusion that government was substantially justified in its position in the underlying litigation, where reversal and remand was based upon the inadequacy of the findings of the administrative law judge rather than upon any finding that the claimant was entitled to benefits). While the Magistrate Judge and this court have counseled the ALJ to take a different approach in analyzing the treating physician's report, the court finds that reasonable minds could differ as to whether or not the opinion deserved controlling weight because of the difficult issues

4

of subjective evidence dealing with pain and pain management. However, the court finds that the Appeals Council was not reasonable in its refusal to remand the case to the ALJ in light of the new and material evidence.

When confronted with new and material evidence, the Appeals Council is to "evaluate the entire record including the new and material evidence." 20 C.F.R. § 404.970(b). After this evaluation, if the Appeals Council finds that the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record," *id.,* it should review the entire case and either issue a separate decision or remand the case to the ALJ. *Id.* §§ 404.967, 404.977(a), 404.979; *Meyer v. Astrue*, 662 F.3d 700, 705 (4th Cir. 2011). If after considering the evidence, including the new and material evidence, the Appeals Council finds the ALJ's conclusions are not contrary to the weight of the evidence, the Appeals Council can deny the request for review without articulating its reasons for doing so. *Meyer*, 662 F.3d at 705. However, when the "other record evidence credited by the ALJ conflicts with the new evidence," it is necessary to remand the matter to the trier of fact to "reconcile that [new] evidence with the conflicting and supporting evidence in the record." *Id.* at 707; *Creekmore v. Astrue*, 2012 WL 3834846 (D.S.C. Sept. 4, 2012) (finding that the Commissioner's "failure to weigh and reconcile the new and material evidence submitted to the Appeals Council to be contrary to the clear holding of the Fourth Circuit" in *Meyer*).

Here, like in *Meyer* and *Creekmore*, the Appeals Council admitted the opinions of two additional treating physicians but summarily denied review of the ALJ's decision. As the Magistrate Judge pointed out, other record evidence credited by the ALJ conflicts with the new evidence. "Thus, no fact finder has made any findings as to the treating physician's opinion or attempted to reconcile that evidence with the conflicting and supporting evidence in the record."

*Meyer*, 662 F.3d at 707.  As a result of this finding by the Magistrate Judge, the court adopted the Report and Recommendation and remanded this case to the ALJ.  The court finds that the government has not carried its burden of demonstrating that it was substantially justified under the reasoning in *Meyer* when the Appeals Council declined to remand the case to the ALJ to allow the ALJ to weigh the newly produced evidence and reconcile this evidence with the previous record.  Moreover, the Commissioner has reasserted in the argument against fees the same arguments that the court has already found unpersuasive once in deciding to remand the case.  Thus, the court finds that the Commissioner has failed to carry the burden of demonstrating that the Government's position was substantially justified. Therefore, Plaintiff is entitled to fees under the EAJA in the amount of $5,100.41.  Pursuant to recent Supreme Court precedent in *Astrue v. Ratliff*, such fees are to be addressed and sent directly to Plaintiff.  130 S. Ct. 2521 (2010).

Therefore, Plaintiff's Petition for Fees Under the Equal Access to Justice Act [Dkt. No. 35] is **GRANTED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
May 10, 2013